IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN COWSILL, | No. C-11-03486 EDL |
|     Plaintiff, | **ORDER REGARDING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF RE SERVICE OF SUBPOENA** |
| v. | |
| GREGG YALE INC., | |
|     Defendant. | |

On August 5, 2011, Plaintiff filed a Motion for Administrative Relief regarding Service of Process, seeking to serve the corporate defendant through the California Secretary of State. Upon review of Plaintiff's Motion, the Court concluded that Plaintiff has not yet shown that he has undertaken a sufficiently diligent search to locate Defendant for service of process, and denied Plaintiff's Motion without prejudice. See Aug. 23, 2011 Order (docket no. 7).

On August 26, 2011, Plaintiff filed a Motion for Administrative Relief regarding Service of Subpoena, seeking early discovery through issuance of a subpoena on Universal Music Group (UMG). See Fed. R. Civ. Proc. 26(d) (a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice."). The subpoena seeks:

> All artist and producer and mechanical royalty statements issued for any recording by the artist known as Cowsills and any checks pertaining to such statements. All agreements, licenses, assignments, letters of direction pertaining to any Cowsills recording and all documents evidencing income from the exploitation of, or sales of copies of, any Cowsills recording at any time.

Pl.'s Request at Ex. 5. Plaintiff's counsel states that information responsive to the subpoena is likely to reveal Defendant's current whereabouts because UMG is the distribution firm that is currently controlling and exploiting Plaintiff's sound recordings. The Court finds that the interests of justice would be served by issuance of a subpoena to UMG, but Plaintiff's requested subpoena is too broad

for this stage of the litigation. Therefore, Plaintiff's Motion is granted to the extent that Plaintiff may serve a subpoena on UMG for the purposes of locating Defendant that is narrowly tailored to reveal Defendant's current address only.

Alternatively, the Court finds that Plaintiff has now made a sufficient showing of diligence to justify service on Defendant through the Secretary of State. See Cal. Corp. Code. § 2111(a) ("If the agent designated for the service of process is a natural person and cannot be found with due diligence at the address stated in the designation or if the agent is a corporation and no person can be found with due diligence to whom the delivery authorized by Section 2110 may be made for the purpose of delivery to the corporate agent, or if the agent designated is no longer authorized to act, or if no agent has been designated and if no one of the officers or agents of the corporation specified in Section 2110 can be found after diligent search and it is so shown by affidavit to the satisfaction of the court, then the court may make an order that service be made by personal delivery to the Secretary of State or to an assistant or deputy secretary of state . . . ."). In particular, Plaintiff's counsel states that he discovered that UMG was likely to have information regarding Defendant's whereabouts, but when counsel contacted UMG, UMG refused to provide any substantive information to counsel. Mot. at 3-4. Plaintiff's counsel also states that he examined the leading trade journal in the recorded music industry, which revealed that the proprietor of the firm of Segel, Robinstein & Gordon (the firm in whose offices Defendant operated) left the Segel firm in 1975 for another company that has since been liquidated. Brown Decl. ¶ 3. Thus, the Court alternatively grants Plaintiff leave to serve Defendant through the Secretary of State.

**IT IS SO ORDERED.**

Dated: August 30, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge